IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3097-FL

| | | |
|---|---|---|
| DANIEL THOMAS FARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHARLES COOPER and JOHNNY HAWKINS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss (DE 20) pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for a protective order (DE 25), which were fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies defendants' motion to dismiss and denies as moot defendants' motion for a protective order.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate, filed this action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Correctional Officer Charles Cooper ("Cooper") and Assistant Superintendent Johnny Hawkins ("Hawkins"). Plaintiff alleges that defendants violated his right to privacy pursuant to the Fourth Amendment to the United States Constitution. Plaintiff also generally alleges that Hawkins acted with deliberate indifference to the alleged method of conducting body cavity strip searches at Warren Correctional Institution ("Warren"). Plaintiff requests both declaratory and injunctive relief, as well as, compensatory and punitive damages.

On January 20, 2014, defendants filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed. Defendants subsequently filed a motion for a protective order, in which defendants, *inter alia*, request that the court stay discovery, including their response to plaintiff's request for admissions, until after the court rules on the pending motion to dismiss.

**STATEMENT OF FACTS**

The facts in the light most favorable to plaintiff are as follows. On February 24, 2011, while plaintiff was housed at Warren, defendant Cooper conducted a "visual body-cavity strip search" of plaintiff in a "non-private" area. (Compl. p. 3.) Plaintiff states that the search took place in an "open, populated area with between 25-33 other inmates and two female guards present." (Id.) Plaintiff informed Cooper that "he believed he had some right to privacy and that [the] search should be done in the bathroom," which was located approximately twenty (20) feet from where Cooper conducted the search. (Id. pp. 3, 5.) In response, Cooper told plaintiff that plaintiff did not have any rights and that plaintiff could choose to submit to the strip search or "go to the hole." (Id. p. 3.) Plaintiff then submitted to the strip search. (Id.)

During the search, Cooper ordered plaintiff to hand him each article of clothing separately, which prolonged the search. (Id. pp. 3-4.) Cooper also ordered plaintiff to bend over and cough twice. (Id. p. 4.) Cooper did not discover any contraband in the course of the search. (Id.) According to plaintiff, two female officers, Shaunte Davis and Katrina Williams, were present in the dorm at the time of the search and at least three other inmates witnessed the search. (Id.)

Plaintiff alleges that he told an assistant unit manager about the search, and the unit manager represented that she would speak with defendant Hawkins regarding the issue. (Id. p. 6.) Defendant

2

Hawkins failed to "remedy the wrong after being informed of the violation and by failing to enforce or enact a policy against visual body cavity strip searches in open non-private areas." (Id.) Plaintiff also alleges that Hawkins had knowledge that other inmates previously had complained about being subjected to visual body cavity strip searches in public areas. (Id.) In support, plaintiff attached to his complaint an affidavit from inmate William Walker stating that he had been subjected to a "non-private" visual body cavity strip search. (Id. Attach.)

**DISCUSSION**

A.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

3

B. Analysis

Defendants assert the defense of qualified immunity in this § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

1. Hawkins

Plaintiff's claims against Hawkins are based upon Hawkins' position as a supervisor at Warren. A supervisor may be liable for the actions of a subordinate if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;
>
> (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and
>
> (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Plaintiff alleges that defendant Hawkins is subject to supervisor liability because Hawkins knew that defendant Cooper had performed similar alleged "non-private" body cavity strip searches on other inmates prior to plaintiff's alleged search, but failed to take action to stop the practice. This is sufficient to state a supervisor liability claim against Hawkins. See McWilliams v. Fairfax County

4

Bd. of Supervisors, 72 F.3d 1191, 1197 (4th Cir. 1996) (stating that a supervisor may be held liable under a tacit authorization theory if that supervisor fails to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place), overruled on other grounds by, Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998). Thus, the court DENIES Hawkins' motion to dismiss.[1] Further, based upon the records now before the court, qualified immunity is improper, but may be raised in a subsequent motion.

    2.    Cooper

Cooper argues that plaintiff failed to state a Fourth Amendment claim arising out of the alleged "non-private" body cavity strip search. The Fourth Circuit has recognized a limited Fourth Amendment right to bodily privacy. See Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981); Etters v. Bennett, No. 5:09-CT-3187-D, 2011 WL 976472, at *10 (E.D.N.C. Mar. 16, 2011). Further, the involuntary exposure of the genitals of an inmate being searched to members of the opposite sex states a Fourth Amendment claim.[2] See Lee, 641 F.2d at 1119; Hamer v. Jones, 364 F. App'x 119, 125 (4th Cir. 2010) ("A strip search of a male prisoner by a female guard in the absence of exigent circumstances presents a colorable Fourth Amendment clam."); see also, Jones v. Board, No. 1:07CV57, 2008 WL 3049900, at *3 (N.D.W. Va. Aug. 1, 2008) (determining that allegations that body cavity search performed in non-private area in front of a female officer states a claim). Thus, in light of the narrow Fourth Amendment right to bodily privacy, the court DENIES Cooper's

---

[1] Plaintiff also challenges Warren's policy governing body cavity strip searches to the extent it permits correctional officers to conduct visual body cavity strip searches in "non-private" areas. Defendants' motion to dismiss does not address this issue, and the issue remains part of this action.

[2] To the extent the parties dispute whether females were present during the alleged visual body cavity strip search, that is a question for another day as the court is required, at this juncture, to accept all well-pled facts as true. Nemet Chevrolet, Ltd., 591 F.3d at 255.

5

motion to dismiss. Further, the court is unable to make a determination as to the issue of qualified immunity on the current record, but the issue may be raised in a subsequent motion.

**CONCLUSION**

Based upon the foregoing, defendants' motion to dismiss (DE 20) is DENIED. Because the court denied defendants' motion to dismiss, defendants' motion seeking a protective order staying discovery until after the court rules upon the pending motion to dismiss (DE 25) is DENIED as MOOT. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 17th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge